**Pamela WOOLSEY, Plaintiff–Respondent,**

v.

**Thomas G. WOOLSEY, Jr., Respondent–Appellant.**

**No. 66270.**

Missouri Court of Appeals, Eastern District.

Aug. 22, 1995.

Zerman & Mogerman, Allan H. Zerman & Cary Jon Mogerman, Clayton, for appellant.

Charles P. Todt & Associates, Charles P. Todt, Clayton, for respondent.

KAROHL, Judge.

Thomas G. Woolsey, husband, appeals a decree of dissolution that terminated a fourteen-year marriage. The parties have one child, Thomas, age 14. The decree ordered husband to pay $2958 per month in child support; $29,000 for retroactive child support; $1000 per month in maintenance to Pamela Woolsey, wife, to increase to $3000 per month upon the sale of the family residence; $29,000 for retroactive maintenance; and $30,000 for wife's attorneys fees. Husband argues six points on appeal. We affirm in part, reverse in part, and reverse and remand in part.

The parties were married on May 25, 1979. They have one son, Thomas, who was 13 at the time of trial. Husband is an investment broker with Rogers and Woolsey, First Affiliated Securities. He is an equal partner in the firm with Carol Rogers. He had an annual income of $220,000 in 1993 and an average annual income of $125,000 for 1983 through 1993.

Wife obtained a masters degree in speech pathology in 1974. She was employed as a speech pathologist for six years. She worked for wages only one year during the marriage until giving birth. Wife has not worked outside of the home since that time.

■ In his first point, husband contests the award of retroactive maintenance and the amount of retroactive child support. We will not disturb the trial court's order unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Husband argues the trial court exceeded its jurisdiction in granting an award of retroactive maintenance because there is no legal authority to grant retroactive maintenance in a dissolution decree. In relevant part, the trial court's decree of dissolution awarded wife "the sum of Twenty Nine Thousand Dollars ($29,000) as and for retroactive maintenance." Maintenance ordered at the time of a divorce decree was authorized by § 452.335 RSMo Cum.Supp.1993. This section speaks prospectively, not retrospectively. *Kessler v. Kessler*, 719 S.W.2d

138, 140 (Mo.App.1986); *C.M.D. v. J.R.D.*, 710 S.W.2d 474, 479 (Mo.App.1986). Therefore, as a matter of law, a maintenance award ordered in the decree of dissolution cannot be made retroactive. The trial court's award to wife of $29,000 in retroactive maintenance is reversed.

■ Husband also contests the amount of retroactive child support. He argues the trial court failed to credit him for voluntary payments he made for Thomas during the eleven month separation period. Voluntary payments made to support a child may be considered in determining the reasonableness of an award of temporary allowance. *Cross v. Cross*, 790 S.W.2d 928, 930 (Mo.App. 1990). Father is entitled to credits against the retroactive award for amounts he paid to and for a child between the time of separation and the time of the hearing. *Roedel v. Roedel*, 788 S.W.2d 788, 791 (Mo.App.1990).

■ Section 452.340 RSMo Cum.Supp. 1993 governs the determination of child support in a proceeding for dissolution of marriage. Section 452.340.9 authorizes the retroactive application of child support. Thus, unlike maintenance, the trial court had statutory authority to order husband to pay retroactive child support.

■ However, in matching a $29,000 retroactive maintenance award with a $29,000 retroactive child support award, the trial court failed to indicate how it arrived at these amounts and whether it credited husband for any payments made to or for necessities for Thomas. Wife's evidence was lumped together for both her maintenance and for child support. The evidence fails to distinguish between wife's and Thomas's individual expenses. Also, there is no dispute husband made some voluntary support contributions. We are unable to segregate expenses of wife and child. We remand for reconsideration of wife's request for retroactive child support.

■ In his second and third points, husband argues the trial court erred in awarding wife any maintenance for an unlimited duration. The court allowed maintenance of $1000 per month, increasing to $3000 upon

the sale of the marital home. Husband contends wife is capable of available employment at a salary which would allow her to meet her reasonable needs.

■ Pursuant to § 452.335 RSMo Cum.Supp.1993, the trial court has authority to grant maintenance when it finds the spouse seeking maintenance (1) lacks sufficient property to provide for her reasonable needs, and (2) is unable to support herself through appropriate employment. Maintenance awards are reviewed only for abuse of discretion. *Vehlewald v. Vehlewald,* 853 S.W.2d 944, 953 (Mo.App.E.D.1993). In a marriage where the wife relies on the husband for monetary support, and is out of the marketplace, thereby injuring her marketable skills, this type of reliance may warrant an award of maintenance. *Hart v. Hart,* 741 S.W.2d 105, 107 (Mo.App.1987).

■ Wife worked six years as a speech pathologist. She stopped working in 1980 to care for her family. She has not been employed outside the home since. Husband does not contest his ability to pay the maintenance award. Rather, he argues maintenance should not be granted because his expert testified to the availability of jobs for a person with wife's educational background. On appeal, the trial court's determination of the credibility of the witness is given vast deference. *Dimmitt v. Dimmitt,* 849 S.W.2d 218, 221 (Mo.App.S.D.1993). Wife testified she never met or talked with the expert. The expert received the bulk of his information from husband. The expert admitted he had never before attempted to place a speech pathologist into a position. Given these responses, the trial court did not abuse its discretion by concluding, by implication, wife was not immediately employable and her earning capacity uncertain.

■ Husband argues, in the alternative, that the maintenance award should be of limited duration. We disagree. Maintenance awards of limited duration are not to be made in speculation about future circumstances of the parties. *Hart,* 741 S.W.2d at 107. The amount of time wife will need to get back into the work force is not certain. The effect of her responsibilities as a custodi-

al parent on her employment status is uncertain. There is no concrete evidence that wife's financial ability to support herself will change in the near future. Husband's recourse is to institute a proceeding to modify the maintenance award when wife's circumstances change. Points denied.

In his fourth point, husband contests using only $1000 as wife's monthly gross income in calculating his child support. Husband argues the credit of only $1000 fails to consider wife's employment opportunities and her ability to provide for her own reasonable needs. We have partly rejected this argument in affirming the periodic maintenance award.

■ A trial court has discretion in imputing income to an unemployed custodial parent. *Stanton v. Abbey,* 874 S.W.2d 493, 499 (Mo.App.E.D.1994). Imputing income should occur only in appropriate circumstances. *Id.;* Form 14, Directions for Use. Factors a trial court should consider in imputing income are: (1) the age, maturity, health, and number of children in the home; (2) the custodial parent's employment history, including recency of employment and earnings, as well as the availability of suitable employment; (3) the age and health of the custodial parent; (4) the availability of appropriate child-care givers; (5) the relationship between the expense of child-care givers and the net income the custodial parent would receive; (6) the cost, if any, for transportation, suitable clothing, and other items required for the custodial parent to have the imputed employment; (7) the custodial parent's motivation or reasons for being at home; and (8) the adequacy of available resources if the custodial parent remains at home. *Stanton,* 874 S.W.2d at 499.

■ We find the trial court did not err in not imputing income of more than $1000 per month to wife in calculating child support. First, wife is the custodial parent of Thomas, the minor child. She has not worked outside the home for the past thirteen years, choosing instead to care for Thomas. She is no longer licensed in speech pathology. The trial court concluded wife was not immediately employable nor was her earning capacity

certain. Husband's expert testified to available jobs in speech pathology at salary levels of $30,000–$50,000. The trial court must have rejected his testimony. We defer to the trial court on its implied finding which implicates credibility. *Dimmitt*, 849 S.W.2d at 221. If wife's ability to earn income in excess of $1000 per month increases, the appropriate remedy is a proceeding to modify.

Second, it is husband, not wife, who has appealed the trial court's decision to credit $1000 income to her even though she claimed no income on her Form 14. This $1000 appears to be the maintenance award which the trial court granted her. Point denied.

■■■ In point five, husband contends the trial court erred in its division of the marital assets because he was ordered to pay all pre-separation debt. Under § 452.330 RSMo Cum.Supp.1993, the trial court is required to divide the marital property in a just manner. *Siegenthaler v. Siegenthaler*, 761 S.W.2d 262, 266 (Mo.App.1988). A just division is not necessarily an equal one. *Id.* Five relevant factors the court should consider in dividing the property are: (1) economic circumstances of each spouse at the time the division of property is to become effective; (2) the contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker; (3) the value of the nonmarital property set apart to each spouse; (4) the conduct of the parties during the marriage; and (5) custodial arrangements for minor children. Section 452.330 RSMo Cum.Supp1993.

■■■ The trial court is vested with considerable discretion and we will interfere only if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *Vehlewald*, 853 S.W.2d at 949. Debts of the spouses are not marital property, but the existence of the debts and who has the responsibility for paying them are factors the trial court should consider in a fair division of the marital property. *Zimmer v. Zimmer*, 862 S.W.2d 355, 359 (Mo.App.S.D.1993).

■■■ The trial court awarded wife marital property valued at a total of $64,500 plus 80 percent of net proceeds on sale of home: (1)

1990 Mercury station wagon, $8,000; (2) Bank Accounts valued at $32,645; (3) I.R.A. valued at $5,336; (4) 80% proceeds from marital residence after escrow and debt; (5) Farm, $10,000; (6) Life insurance valued at $8,414; and (7) A.G. Edwards Account valued at $105. It awarded husband a total of $135,-977 plus 20 percent net proceeds on sale of home: (1) Checking account valued at $6,500; (2) I.R.A. valued at $7,160; (3) 20% proceeds from marital residence after escrow and debt; (4) Rogers and Woolsey Profit Sharing valued at $31,548; (5) Rogers and Woolsey Investment Advisors valued at $5,440; (6) Rogers and Woolsey Partnership, $60,000; (7) Algonquin Associates Investment Club valued at $3,200; (8) Westminster Investment valued at $5,050; (9) China, $6,000; (10) Crystal, $6,000; and (11) Contents in his apartment, $5,079. Husband was also ordered to pay off a $25,000 loan from his father and $70,000 to the IRS. The court awarded the family residence by percentage. During this appeal the house was sold.

The division of marital property by the trial court is supported by the evidence even with an order husband is responsible for two pre-separation debts. First, husband received 60 percent of the marital assets. Second, wife's separate property was over-valued by the trial court. The trial court assessed wife's nonmarital property at $115,000 by the addition of a $75,000 and two $20,000 accounts. Wife argues and we agree that the true value of the property is at most only $75,000 because this amount includes the two $20,000 accounts. The trial court wrongly identified one account as three separate accounts.

Third, at the time the dissolution decree was ordered, husband was a partner in a substantial income-producing business. Wife was unemployed. Husband retained all interest in his business in addition to all the income-producing investments. Husband's economic situation offers a secure position to pay off the loan to his father and the IRS debt.

Finally, given the nature of the family debts, the trial court did not err in its division of marital property by ordering husband to pay a $25,000 debt to his father and a $70,000 debt to the IRS. First, the $70,000 debt to the IRS is an obligation of husband's

business, Rogers and Woolsey. Wife received no interest in the business per the dissolution decree. Husband and his partner, Carol Rogers, incurred the debt.

Further, it appears the trial court erred when it found $100,000 in loans to wife by her father to be a gift. There is no evidence to support a finding wife was not obligated to repay this sum, evidenced by promissory notes, to her father. Husband has no liability on this debt. Whether wife has this obligation or not, the division of marital property was supported by evidence and within statutory guidelines. Point denied.

 In his final point, husband argues the trial court erred in ordering him to pay $30,000 of wife's attorneys fees. The point does not claim error in awarding a sum greater than amount still due after credit for attorney fees paid by wife. He contends she has sufficient assets to pay her own fees. The trial court has wide discretion in awarding attorneys fees. *Siegenthaler*, 761 S.W.2d at 266–267. The trial court's award of attorneys' fees will not be disturbed on appeal absent an abuse of discretion. *Meierer v. Meierer*, 876 S.W.2d 36, 38 (Mo.App.W.D. 1994). A spouse's inability to pay is not a requirement for awarding attorney fees. *Meservey v. Meservey*, 841 S.W.2d 240, 248 (Mo.App.W.D.1992). However, one spouse's greater ability to pay is sufficient to support an award of attorney fees to the other spouse. *Id.* An award must be "reasonable considering each spouse's financial positions." *Thompson v. Thompson*, 853 S.W.2d 410, 413–414 (Mo.App.W.D.1993). We find no abuse of discretion in ordering husband to pay wife's attorneys fees of $30,000. Husband will not be economically oppressed by the award. Further, wife paid the bulk of her attorneys fees with borrowed funds. Point denied.

Husband's motion for sanctions denied. Judgment affirmed in part, reversed in part, and reversed and remanded in part.

PUDLOWSKI, P.J., and CRANDALL, J., concur.