**Keri E. STUFFLEBEAN, Respondent,**

v.

**John STUFFLEBEAN, Appellant.**

No. WD 53043.

Missouri Court of Appeals,
Western District.

April 1, 1997.

John H. Fraze, Maryville, for appellant.

Michael Paul Harris, St. Joseph, for respondent.

Before ULRICH, C.J., P.J. and
LOWENSTEIN and SPINDEN, JJ.

ULRICH, Chief Judge, Presiding Judge.

John Stufflebean (Father) appeals from the trial court's judgment modifying the decree of dissolution that severed his marital relationship with Keri Stufflebean (Mother). He claims that the trial court erred in (1) imputing income to the custodial parent, Mother, in an amount less than her actual earning capacity, (2) including work-related child care costs in the calculation of child support, and (3) awarding Mother $1100 in attorney's fees. The judgment of the trial court is affirmed.

## FACTS

Father and Mother were divorced in 1991. The decree dissolving the marriage awarded custody of the parties' two minor children to Mother. Father received visitation rights and was ordered to pay $88 per week in child support.

Mother filed a Motion to Modify Child Support in October 1995 alleging that the amount of child support owed by Father was unreasonable in light of Father's increased income. Mother asked the court to increase Father's child support obligation and to award her attorney's fees.

The trial court found that Father's increased income was a substantial and continuing change in circumstances warranting a modification of his child support obligation. It increased the child support amount to $687 per month and awarded Mother $1100 in attorney's fees. This appeal followed.

## STANDARD OF REVIEW

In a court-tried case, the decree of the trial court must be affirmed unless there is no substantial evidence to support it, it is

against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Price v. Price,* 921 S.W.2d 668, 671 (Mo.App.1996). The reviewing court defers to the trial court's determination of credibility and views the evidence and inferences therefrom in the light most favorable to the decree disregarding all contrary evidence and inferences. *Price,* 921 S.W.2d at 671.

## · CHILD SUPPORT

Father first claims on appeal that the trial court erred in computing child support by (1) imputing income to Mother in an amount less than her actual earning capacity and (2) including work-related child care costs in the calculation. He argues that Mother's earning capacity is more than the minimum wage on which the court based its income imputation. He also contends that because Mother is voluntarily unemployed and attending college, work-related child care costs should not have been included in the child support calculations.

■ The trial court has broad discretion in awarding child support. *Price,* 921 S.W.2d at 673. A reviewing court will not substitute its judgment for that of the trial court absent a manifest abuse of discretion. *Id.* A child support award will not be disturbed on appeal unless the evidence is "palpably insufficient" to support it. *Id.*

### A. Imputed Income

■ A spouse may not escape responsibility to his or her minor children by deliberately limiting his or her work to reduce income. *Jensen v. Jensen.* 877 S.W.2d 131, 136 (Mo. App.1994). To prevent such a situation, a court may, in proper circumstances, impute an income to a spouse according to what that person could earn by using her best efforts to gain employment suitable to her capabilities. *Id.* The most common scenario in which income is imputed is where one spouse has deliberately quit work in order to reduce her child support obligation. *Id.* In other instances, courts have imputed to a spouse a higher income than is currently being earned

if the evidence indicates that the spouse has the capacity to earn more. *Holmes v. Holmes,* 878 S.W.2d 906, 909 (Mo.App.1994).

Where a spouse has voluntarily foregone employment to attend school, some courts have imputed at least some income to the student-spouse. *Jensen,* 877 S.W.2d at 136 (citing *Boyer v. Boyer,* 567 S.W.2d 749 (Mo. App.1978)). Others, however, have not imputed any income to the student-spouse reasoning that the student was "preparing herself to make her living and to contribute to the support of the children." *See Cuda v. Cuda,* 906 S.W.2d 757, 761 (Mo.App.1995).

■ The trial court in this case imputed $737 of monthly income (minimum wage) to Mother who decided to attend college full time after anticipating that her employer would close the plant in which she worked.[1] Father argues that based on Mother's recent work history, the court should have imputed a higher income. From 1991 to 1993, Mother earned $13,000 to $20,000 annually. In 1994, she was unemployed for a portion of the year and earned $7000. In 1995, Mother worked until late May, then returned to school full time, and earned approximately $5200 for the year. Mother testified at trial that she did not want to work and go to school full time because she believed being away from home all day and all night would not be in the best interests of the children. In imputing minimum wage income to Mother, the trial court found that she was not attempting to escape her responsibilities to the children by deliberately limiting her income. Instead, the court stated:

> And I can't attribute her involuntary departure from these employments to return to college as any sign of laziness or a desire that her husband pay for college, but only appreciation of the fact that what it takes to be an employable person these days may not be what it was to be an employable person five years ago.

The trial court did not abuse its discretion by imputing to Mother, considering the evidence presented, an amount of income less than her earning capacity based on her recent work history. Point denied.

---

1. The plant was eventually closed.

## B. Child Care Expenses

Father next complains that the trial court erred in including work-related child care costs in the child support calculation because Mother was attending school instead of working. The Missouri Supreme Court's presumed child support calculations provide for the inclusion of the custodial parent's reasonable work-related child care expenses. *Price,* 921 S.W.2d at 673. The trial court, however, is not divested of its discretion to determine the need for work-related child care expenses. *Beal v. Outley,* 897 S.W.2d 638, 642 (Mo.App.1995). Necessary child care expenses required by the custodial parent who is working or attending school must be considered in determining a child support award. *Raines v. Raines,* 583 S.W.2d 564, 568 (Mo.App.1979). To prohibit a custodial parent who is attending school from having her child care expenses considered for child support purposes would, in effect, discourage a custodial parent from attending college to better equip herself to obtain employment and, thus, eventually contribute to the support of the children. Where a custodial parent establishes actual and necessary child care expenses incurred as a result of working or attending school, the expenses can be considered in calculating child support. *See Gal v. Gal,* 937 S.W.2d 391, 396 (Mo.App. E.D.1997)("school related" day care costs properly included as an extraordinary expense in Form 14 calculation).

Mother testified at trial that she has incurred child care expenses averaging $50 per week since the divorce in 1991. After leaving her job to return to school in May 1995, she continued to require and to incur the child care costs. The trial court's inclusion of child care costs incurred while attending school in calculating child support was supported by the record. The trial court did not abuse its discretion in awarding child support. Point denied.

## ATTORNEY'S FEES

Finally, Father claims that the trial court erred in awarding $1100 in attorney's fees to Mother. The trial court has broad discretion in awarding attorney's fees, and the award will not be disturbed on appeal absent an abuse of that discretion. *Woolsey v. Woolsey,* 904 S.W.2d 95, 101 (Mo. App.1995). In making the award, the trial court must consider all relevant factors, including the financial resources of both parties. *Id.* One spouse's greater ability to pay is sufficient to support an award of attorney's fees to the other spouse. *Id.*

Father's gross monthly income was $2222. Mother was unemployed and a full time student. The trial court did not abuse its discretion in ordering Father to pay $1100 of Mother's attorney's fees. Point three is denied.

The judgment of the trial court is affirmed.

All concur.