Janice K. JORDAN, Appellant,

v.

William J. JORDAN, Respondent.

No. WD 55597.

Missouri Court of Appeals,
Western District.

Feb. 2, 1999.

Lawrence E. Tittle, Independence, for appellant.

John Wm. Dennis, Jr., Independence, for respondent.

Before ULRICH, P.J.; SMART, J. and SMITH, J.

ROBERT G. ULRICH, P.J.

Janice K. Jordan appeals the judgment of the trial court dissolving her marriage to William J. Jordan. She claims that the trial court erred and abused its discretion in (1) calculating child support by imputing to her an income of $1,213.33 per month, (2) awarding Mr. Jordan 91.7% of the income-producing marital property, (3) failing to order Mr. Jordan to pay maintenance, (4) awarding her only $2,500.00 in attorney's fees, and (5) awarding Mr. Jordan the tax dependent deduction for their minor child. The judgment of the trial court is affirmed.

## FACTS

Janice K. Jordan (Wife) and William J. Jordan (Husband) were married on December 15, 1979, in Independence, Missouri. One child, James William Jordan, was born of the marriage on December 3, 1981. Husband and Wife separated in October of 1995. Wife filed a petition for dissolution of marriage on June 3, 1996. Husband filed his Answer and Counterclaim for Dissolution of Marriage on June 7, 1996.

Both Husband and Wife were employed during the marriage. Wife performed clerical work until 1981 when she elected to stay home to raise their son. From 1990 to the time of the hearing, Wife was self-employed as a house cleaner. She cleaned a total of nine houses earning approximately $600.00 per month. Wife also maintained a license as a beautician. At trial, however, Wife argued she was unable to continue to maintain full-time employment due to medical problems involving her back. Husband worked for the Milwaukee Railroad until 1985 when it was purchased by Soo Line Railroad. At the time of the hearing, Husband testified that he resided in Duluth, Minnesota, earning approximately $60,000.00 a year after taxes, working for I & M Corporation.

The trial court issued its judgment and decree of dissolution of marriage on February 10, 1998. In its judgment, the trial court dissolved the parties' marriage and divided the marital property and debt. Custody of the parties' minor child was awarded to Wife, and Husband was ordered to pay child support of $620.00 per month. Husband was given the tax deduction for the child. The court imputed an income of $1,213.33 a month to Wife in calculating child support. The court did not order Husband to pay maintenance to Wife, but did award Wife $2,500.00 in attorney's fees. This appeal followed.

## STANDARD OF REVIEW

In a court-tried case, the decree of the trial court must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Stufflebean v. Stufflebean,* 941 S.W.2d 844, 846 (Mo.App.1997). The reviewing court defers to the trial court's determination of credibility and views the evidence and inferences therefrom in the light most favorable to the decree disregarding all contrary evidence and inferences. *Stufflebean,* 941 S.W.2d at 846. Appellate courts set aside a lower court's decision only when firmly convinced that the judgment is wrong. *Fulton v. Adams,* 924 S.W.2d 548, 551 (Mo. App.1996).

### A. Imputation of Income

In her first point on appeal, Wife contends the trial court erred in imputing income to

her for purposes of calculating child support because the court's imputation of income was against the weight of the evidence presented regarding her employment history and physical maladies. Wife argues she is not capable of earning the amount the court determined she was capable of earning, $1,213.33 per month, due to significant back infirmity. She contends that her employment history and medical records support her argument.

■ In calculating child support, trial courts have discretion to impute income to an underemployed or unemployed parent. *Smith v. Smith,* 969 S.W.2d 856, 859 (Mo. App.1998); *Gal v. Gal,* 937 S.W.2d 391, 397 (Mo.App.1997). A parent may not escape responsibility to her family by deliberately limiting her work to reduce income. *Smith,* 969 S.W.2d at 859. In order to avoid such a situation, a court may, in proper circumstances, impute income to a parent according to what that parent could earn by use of her best efforts to gain employment suitable to that parent's capabilities. *Id.* What constitutes the appropriate circumstances to impute income will depend on the facts and must be determined on a case-by-case basis. *Id.*; *Quackenbush v. Hoyt,* 940 S.W.2d 938, 943 (Mo.App.1997). The most common scenario in which income is imputed is where one spouse has deliberately quit work in order to reduce her child support obligation. *Id.* However, courts may also impute to a spouse a higher income than is currently being earned if the evidence indicates that the spouse has the capacity to earn more. *Holmes v. Holmes,* 878 S.W.2d 906, 909 (Mo. App.1994).

■ The trial court in this case imputed $1,213.33 of monthly income to the wife. Wife testified that in 1996 and 1997, she earned approximately $600.00 per month for cleaning nine houses—approximately $10.00 to $12.00 dollars per hour. She also testified that in 1995, she worked more than she did in either 1996 or 1997 because she needed more income. The medical records presented showed Wife had not seen a physician for

treatment for over four and one-half years prior to the time she sought an evaluation to be used in the "upcoming divorce procedure." No medical evidence was presented that Wife is unable to work as a result of her physical problems.

In imputing $1,213.33 income per month to Wife, the court found that she is capable of earning at least $7.00 per hour for a forty-hour workweek. This amount is not unreasonable considering that Wife testified she earned $10.00 to $12.00 per hour and that a reasonable inference from her testimony that she worked more when she wanted more income is that additional work is available. Considering the evidence presented, the trial court did not abuse its discretion by imputing to Wife an amount of income less than her earning capacity based on her recent work history. The point is denied.

**B. Marital Property Distribution**

Wife's second point asserts that the trial court erred in awarding 91.7% of the income-producing marital property to Husband. Wife argues the court failed to consider the factors set forth in § 452.330 [1] when dividing the marital property and that she should have been awarded a greater portion of the income-producing property.

■ The trial court has considerable discretion in dividing marital property. *Dardick v. Dardick,* 670 S.W.2d 865, 869 (Mo. banc 1984); *Lenger v. Lenger,* 939 S.W.2d 11, 14 (Mo.App.1997). Division of property by the trial court will be affirmed if it is not unduly weighted in favor of one party so as to constitute an abuse of discretion. *Dardick,* 670 S.W.2d at 869. The trial court's division of property is presumed correct, and the wife bears the burden of overcoming this presumption. *Murphy,* 536 S.W.2d at 32. Under section 452.330, the trial court must divide the marital property "in such proportions as the court deems just after considering all relevant factors. . . ." § 452.330. The court's division should be fair and equitable

1. All statutory references are to RSMo (1994) unless otherwise indicated.

taking into account the statutory factors, but the division is not required to be equal. *Dove v. Dove*, 773 S.W.2d 871, 873 (Mo.App. 1989); *Russell v. Russell*, 740 S.W.2d 672, 674 (Mo.App.1987).

The court awarded the family home, having a net value of $48,441.00, and other marital property worth $14,236.12 to Wife; Husband was awarded marital property worth $48,024.32. The home was the parties' principal asset. The wife, therefore, was awarded marital property with a total value of $62,677.12. Husband was awarded marital property with a total value of $48,024.32. With the exception of a $400.00 award to husband of Series EE U.S. Savings bonds, the trial court followed the wife's suggested division of property. Considering the totality of the trial court's asset allocation, the court's award of the majority of income-producing marital property to husband was fair and not an abuse of discretion. Point two is denied.

## C. Maintenance

In her third point on appeal, Wife argues the court erred and abused its discretion in denying her maintenance because she met the threshold test under section 452.335. Wife maintains that she is incapable of obtaining appropriate employment to meet her reasonable needs due to her age and physical condition. Wife also contends that the trial court failed to properly consider the factors set forth in § 452.335.2, specifically the alleged marital misconduct on the part of the husband, when determining whether maintenance was appropriate.

Section 452.335.1 states that a maintenance award may be granted only if the trial court finds "the spouse seeking maintenance: (1)[l]acks sufficient property ... to provide for his reasonable needs; and (2)[i]s unable to support himself through appropriate employment...." § 452.335.1. Section 452.335.2 further designates factors that the court should consider before awarding maintenance. § 452.335.2. The trial court is vest-

ed with broad discretion as to the issue of maintenance and is accorded great deference. *Crews v. Crews*, 949 S.W.2d 659, 663–64 (Mo. App.1997). "The evidence is viewed favorable to the decree, disregarding evidence to the contrary and deferring to the trial court even if the evidence could support a different conclusion." *Id.*

The trial court found that Wife (1) is able to work full-time and has the ability to earn sufficient income to meet her reasonable needs, and (2) was awarded assets sufficient to provide for her reasonable needs. According to Wife's own testimony, she has the capacity to earn $10.00 to $12.00 per hour cleaning houses. No medical evidence was presented at trial showing that Wife is unable to work because of her "back problems." Substantial evidence was presented to support the trial court's conclusion that Wife had the ability to support herself by working full time. The court awarded Wife 56.6% of the marital property, including the family home, thereby providing Wife sufficient marital property to provide for her reasonable needs. The trial court did not abuse its discretion in denying Wife maintenance. The point is denied.

## D. Attorney's Fees

For her fourth point on appeal, Wife claims the court erred in awarding her only $2,500.00 in attorney's fees because after proper consideration of all relevant factors under §452.355.1 she should have been awarded all or substantially all of her fees.

As a general rule, parties to a dissolution action pay their own attorneys' fees. *Graves v. Graves*, 967 S.W.2d 632, 643 (Mo.App.1998). However, section 452.335.1 gives the trial court discretion to order one of the parties to pay a reasonable amount of the other's attorney's fees. § 452.335.1. The trial court has broad discretion in awarding attorney's fees, and this court will affirm an award for attorney's fees unless it is so arbitrary or unreasonable that it indicates indifference and lack of proper judicial consider-

ation. *McNeely v. McNeely*, 935 S.W.2d 103, 104 (Mo.App.1996).

■ The trial court awarded Wife $2,500.00 in attorney's fees, an amount that is not insubstantial for this case. The court's award was neither arbitrary nor unreasonable. Because the court was well within its discretion in its award of 2,500.00 in attorney's fees, the point is denied.

### E. Income Tax Deduction for Minor Child As Dependent

■ In her final point on appeal, Wife contends the trial court erred in allowing Husband to claim the income tax deduction for the parties' minor son. Generally, income tax deductions for minor children of divorced parents accompany the custodial parent; however, the court may order the custodial parent to execute a waiver of her claim to the deduction in writing. *Mehra v. Mehra*, 819 S.W.2d 351, 357 (Mo. banc 1991). The trial court has broad discretion in the allocation of the dependent tax exemption. *Hoffman v. Hoffman*, 870 S.W.2d 480, 484 (Mo.App.1994).

■ The court ordered Husband to pay $620.00 per month in child support for the parties' minor son and also required Husband to maintain health insurance coverage for the child during the child's minority. The trial court's decision to award the dependency exemption to the husband was well within its discretion. The point is denied.

The judgment of the trial court is affirmed.

All concur.