Nelson BURTON, Jr., Respondent,

v.

Louise DONAHUE, Appellant.

No. ED 77517.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 27, 2001.

Rehearing Denied May 1, 2001.

W. Morris Taylor, Gerald A. Sims & Sharon P. Hengel, Clayton, MO, for appellant.

Frank D. Keefe, Ellisville, MO, for respondent.

**WILLIAM H. CRANDALL, Jr., Judge.**

Mother, Louise Burton n/k/a Louise Donahue, appeals from the judgment of the trial court modifying the decree of dissolution of her marriage to father, Nelson Burton, Jr. We reverse and remand.

In 1990, the parties' marriage was dissolved. Four children were born of the marriage: two daughters born in 1970 and 1973 respectively; and two sons born in 1979 and 1985 respectively. In the portions of the decree relevant to this appeal, the trial court awarded the parties joint legal custody of all four children, with mother having primary physical custody of the two boys and father having primary physical custody of the two girls. The court ordered father to pay child support for the two boys in the amount of $1,000.00 each per month and an additional $500.00 per month if the younger daughter went to live with mother. The decree provided that "[i]t is further agreed between the parties that the net proceeds from the sale of said farm property ..., which the parties estimate to be approximately $234,000.00, ... shall be the sole and exclusive property of wife."

In 1993, mother remarried. In June 1994, the younger daughter moved in with mother. In October 1994, mother filed a motion to modify the original support order. In December 1994, older son moved in with father. Father filed a cross-motion to modify. In November 1995, the younger daughter became emancipated.

The trial court granted father's motion to modify, ordering custody of the older son transferred to him and awarding child support. It also ordered each parent to bear one-half of the college expenses and denied mother's request that father pay support for the younger daughter. Mother appealed from that judgment. This court reversed because the trial court improperly included mother's present husband's income when it made its Form 14 calculations. *Burton v. Donahue,* 959 S.W.2d 946 (Mo.App. E.D.1998).

On remand, each party filed amended motions to modify. Mother sought an increase in child support for the younger son and younger daughter retroactive to the time of filing the motion to modify and for the older son retroactive from the time she filed the original motion to modify until the time he moved in with father; college and educational expenses for the younger daughter incurred after June 1994; various medical, educational, and extracurricular expenses related to the three children; and attorney's fees.

In January 1999, the younger son went to live with father. Father then filed a second amended motion to modify in which he asked for child support for both sons, retroactive to the dates they came to live with him, and for orders regarding medical and educational expenses.

At the time of trial, mother was about 52 years of age. She testified that she did not work the last 12 years of the marriage and had not been employed since the dissolution. In her early twenties, she worked part-time answering calls from incoming flights and doing bookkeeping at a small airport. She did not graduate from high school, but obtained a GED in her early forties. After the dissolution, she took no steps to acquire any skill or trade. At the time of trial, she was not employed because her second husband supported her. She testified that she had arthritis in her knees and hands. She stated that she had no obligation to support the children.

At the time of trial, father was about 57 years of age. He testified that at the time of the dissolution he was employed as a national sports broadcaster. He had not worked, however, since 1997. During his later years as a broadcaster, he earned approximately $200,000.00 annually. His attempts to find appropriate employment since 1997 proved unsuccessful; and other than bowling, he possessed no other skill or training. For the year 1998, his earnings totaled about $5,300.00. He stated that he was using money from a home equity line of credit to provide for his living expenses which amounted to about $75,000.00 per year. His portfolio of stocks and securities had a value of approximately $900,000.00.

In January 2000, the trial court granted father's second amended motion to modify and granted in part and denied in part mother's amended motion to modify. The trial court rejected the Form 14 calcula-tions submitted by the parties. The court imputed income to mother as follows:

8. [Mother] testified that she took some of the $243,000.00 awarded to her at the time of the dissolution to purchase a house and make improvements. She has put her current husband's name on the title and he makes all of the mortgage payments. She put some of the money into a lake house which was already mortgaged and her current husband pays that mortgage as well. She also purchased a boat, which she subsequently sold for $45,000.00, but cannot recall what happened to the proceeds of that sale.

* * *

10. In calculating the presumed amount of child support, the Court has imputed to [Mother] an hourly wage of $6.00. In addition, the Court has imputed to [Mother] income she could receive if she had invested the money she received at the time of dissolution, less the sum of $150,000.00 ( [Mother] testified she put $75,000.00 down on the house and another $75,000.00 into improvements on the house) at a rate of 6% per annum. [Mother] testified she did not use the money for living expenses and does not need the money for living expenses as her current husband provides for all of her needs.

Based on the Form 14 calculations of the court, the court ordered mother to pay child support in the amount of $161.00 per month for the two sons; and at such time father was entitled to support for only one child, $111.00 per month. The court also ordered mother to pay 25 percent of medical and dental bills and 25 percent of the post-secondary education costs. The trial court made all these provisions effective January 1999. Mother appeals.

■ Our review of the judgment of the trial court modifying a decree of dissolution is governed by the familiar principles of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We are mindful of the great amount of discretion afforded the trial court in modification of child support awards, and are extremely reluctant to reconsider the amount of that increased support. *Pelch v. Schupp*, 991 S.W.2d 729, 736 (Mo.App. W.D.1999). If an award is clearly contrary to applicable law, however, it is the duty of this court to adjust the award. *Id.*

■ In her sole point on appeal, mother contends the trial court erred in ordering her to pay child support, a portion of the uncovered medical and dental expenses, and a portion of the educational expenses. She argues that in calculating child support the court improperly imputed income to her not only from employment but also from investments on property awarded to her in the decree of dissolution.

■ In calculating child support, trial courts have discretion to impute income to an underemployed or unemployed parent. *Smith v. Smith*, 969 S.W.2d 856, 857 (Mo. App. E.D.1998). A parent may not escape responsibility to his or her family by deliberately limiting his or her work to reduce income. *Id.* In order to avoid such a situation, a court may, in proper circumstances, impute an income to a parent according to what that parent could earn by use of his or her best efforts to gain employment suitable to that parent's capabilities. *Id.* What constitutes the appropriate circumstances to impute income will depend on the facts and must be determined on a case-by-case basis. *Id.*

Mother first contends the trial court improperly imputed income to her of $6.00 per hour for forty hours per week for 50 weeks. She argues there was no substantial evidence that she had the ability to earn income through employment. Here, the trial court found, "Although physically and mentally able, [Mother] testified she chooses not to be employed and believes she has no obligation to contribute financially in any way to the support of her children."

Under the circumstances of this case, the court did not abuse its discretion when it imputed income to mother from employment. Although the court has declined to impute income to some parents in certain situations, mother does not fall into any of those categories. In the present case, the children were older and no longer lived with her. Thus, there was no evidence that it was preferable for her to stay home to attend to her children's needs rather than to work outside the home. *See Quackenbush v. Hoyt*, 940 S.W.2d 938, 943 (Mo.App. S.D.1997) (no income imputed to mother where she better met the children's needs by being with them, particularly in view of substantial day care costs if she worked outside the home). There was no evidence that she was not working because she was continuing her education or acquiring skills to improve her earning capacity. *See Gal v. Gal*, 937 S.W.2d 391 (Mo.App. E.D.1997) (no income imputed to mother because she was continuing education). There was no evidence that mother had ever attempted to seek employment. *See Hansen v. Phenicie*, 917 S.W.2d 618 (Mo.App. E.D.1996) (no evidence to support imputation of income to mother where she lost employment involuntarily and testified and offered exhibits of her efforts to obtain employment).

Although mother also testified that she had arthritis in her hands and knees, there was no expert testimony that her arthritis interfered with her ability to perform any work. *See Overstreet v. Overstreet*, 693 S.W.2d 242 (Mo.App.1985). Further, as the trier of fact, the trial court was within

its discretion when it rejected that evidence as a significant factor in limiting her ability to earn an income.

Although mother stayed home with the children during and after the marriage, her decision to remain out of the work force permanently was voluntary. She stated that her present husband supported her and that she didn't think she had an obligation to support the children. Yet, mother cannot evade all financial responsibility for the children and place the entire financial burden of supporting the children on father. The trial court did not abuse its discretion when it imputed income to mother based on $6.00 per hour from employment.

■ Mother's second claim of error regarding child support concerns the imputation of investment income of six percent on $84,000.00. The trial court found that this was the amount remaining from the $234,000.00 awarded to mother in the decree, after she spent $150,000.00 of it. Mother argues that the evidence did not support the trial court's imputation of investment income to her.

We agree with mother. The sole reference to the $234,000.00 was in the decree of dissolution that awarded mother the proceeds of the sale of some farm property "which the parties estimate to be approximately $234,000.00." Although there was no evidence that the property was sold, the sale of the farm for some amount of money can be inferred from mother's spending $150,000.00. There was no evidence, however, that mother received $234,000.00 from the sale of the farm property; that after she spent the $150,000.00, she had $84,000.00 remaining; or that if she did have $84,000.00, that amount still existed, especially since almost ten years elapsed from the time the decree of dissolution was entered. There was no substantial evidence to support the court's determination that mother had $84,000.00 to invest. The trial court abused its discretion in imputing income to mother based on a six percent return on that amount of money.

■ We reverse the judgment modifying the award of child support[1] and remand the cause for reconsideration of a modified support order consistent with this opinion.

AHRENS, P.J. and JAMES R. DOWD, J., concur.

---

1. A provision calling for the payment of uninsured medical expenses constitutes an order for the payment of child support. *Adelman v. Adelman,* 878 S.W.2d 871, 873 (Mo.App. E.D. 1994); *Weiss v. Weiss,* 954 S.W.2d 456, 458 (Mo.App. E.D.1997). Similarly, educational expenses can be considered in determining a child support award. *Schmidt v. Schmidt,* 949 S.W.2d 117, 120 (Mo.App. E.D.1997).