**In re the MARRIAGE OF Mark J. GRAHAM and Teresa G. Graham.**

Mark J. Graham,
Petitioner/Respondent,

v.

Teresa G. Graham,
Respondent/Appellant.

No. ED 80552.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 15, 2002.

Lisa K. Lange, Dickerson, Hill, Fort, Greaser & Lange, L.L.C., Cape Girardeau, MO, for appellant.

John P. Heisserer, Cape Girardeau, MO, for respondent.

MARY K. HOFF, Judge.

Teresa G. Graham (Mother) appeals from the trial court's judgment granting Mark J. Graham's (Father) motion to modify the parties' decree of dissolution regarding child custody and support. We affirm in part and reverse and remand in part.

The fifteen-year marriage of Father and Mother was dissolved on March 16, 1999. The couple had two children born of the marriage: Heather M. Graham, born September 29, 1982 and Markelle D. Graham, born November 10, 1989. The parties were awarded joint legal custody of the minor children and Mother was granted primary physical custody. Father was ordered to pay Mother the sum of $800 per month in child support. The original order provided that this child support would be reduced to $552 per month at such time as Mother became responsible for the support of only one of the minor children.

Mother has worked as a hairdresser in the Cape Girardeau area sporadically for twenty years. For the four years immediately preceding the dissolution of the parties' marriage, Mother had worked full-time at Graham Hauling, a business owned by Father and Mother from 1995 though 1998. Father was awarded all interest in Graham Hauling.

In April 1999, following the dissolution, Mother began renting booth space at a salon in Cape Girardeau in order to work as a hairdresser. Mother was self-employed.

On January 10, 2001, Father filed a motion to modify the judgment and decree of dissolution as to child custody and support. Father sought primary custody of Heather and requested the court reassess the party's support obligations in light of Heather's anticipated college expenses. The custody of Heather was agreed upon but a hearing was held on the issue of support.

On the court's own motion a Certified Public Accountant (CPA) was appointed to review the income of each party. At the hearing the CPA provided financial exhibits determining the income of each party by stipulation of the parties. The CPA found that Father had a gross monthly income of $3,500. The CPA found that Mother had a gross monthly income of $400.

Father used Marilyn Pind (Pind) to testify regarding Mother's earning capacity. Pind testified that Mother had rented a booth from the salon she owned and she was familiar with Mother's work. She testified that Mother could make $20 per hour on average. However, Pind admitted her estimation was based on her own income wherein she had been consistently working in the business for fifteen years, owned her own shop, and had a substantial client base. Ms. Pind later admitted that

making $20 per hour would be "high" when first starting out as a hairdresser without clientele.

Mother testified that the CPA's opinion that Mother's gross monthly income was $400 was accurate. She also testified that Pind's estimation of $20 per hour was high for Mother, in that Mother was still building her clientele, after having been out of the business for four years in order to work for the family business. Further, Mother testified that being a hairdresser was the only occupation she knew and that it allowed her the flexibility she needed as the mother of two minor girls.

In the court's judgment and order of modification, the trial court found that Mother was able-bodied and capable of earning $3,467 gross monthly income. The trial court imputed an income of $20 per hour to Mother working 40 hours per week, for a total annual income of $41,604. Further, Father's child support obligation was reduced to $213 per month. The parties were also ordered to divide both past and future bills for health care expenses for the children and Heather's college expenses with Father paying 60.5 percent and Mother paying 39.5 percent. Other facts will be adduced as needed.

Mother appeals.

"Our review of the judgment of the trial court modifying a decree of dissolution is governed by the familiar principles of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976)." *Smith v. Smith*, 969 S.W.2d 856, 858 (Mo.App. E.D.1998). The judgment will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless is erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32. "We will reverse a judgment because it is against the weight of the evidence with caution and with a firm belief that the

judgment is wrong." *Smith*, 969 S.W.2d at 858.

Mother raises five points on appeal, however all the points allege that the trial court erred in imputing income to Mother. We agree and reverse based on that error.

■■ "A spouse may not escape responsibility to his or her family by deliberately limiting his or her work to reduce income." *Jensen v. Jensen*, 877 S.W.2d 131, 136 (Mo.App. E.D.1994). "In order to avoid such a situation, a court may, *in proper circumstances,* impute an income to a spouse according to what that spouse could earn by use of his or her best efforts to gain employment suitable to that spouses capabilities." *Id.* " 'Proper circumstances' have been considered to include situations where a parent has voluntarily reduced his or her income without justification." *Thomas v. Thomas*, 989 S.W.2d 629, 635 (Mo.App. W.D.1999) citing *Devries v. Devries*, 804 S.W.2d 825, 827 (Mo. App. W.D.1991).

Also included are situations where a parent involuntarily lost a job but (1) failed to use his or her best efforts to obtain a new job, *In re Marriage of Garrison*, 846 S.W.2d 771, 776 (Mo.App. S.D.1993); (2) refused to accept employment offers, *Luker v. Luker*, 861 S.W.2d 195, 199 (Mo.App. W.D.1993); or (3) failed to show that the unemployment was other than temporary. *Foster v. Foster*, 844 S.W.2d 559, 562 (Mo.App. E.D.1992).

*Thomas*, 989 S.W.2d 629 at 635.

■ In the case at bar, the record does not reflect that Mother is attempting to evade her obligation to support her children. On the contrary, the record illustrated that Mother worked as a hairdresser in part to allow flexibility for her children's schedule. Further the evidence demonstrated that Mother had been a

hairdresser sporadically and was in the process of establishing a clientele.

At trial, Father's witness Pind testified that she had worked with Mother in the past and that based on her own experience, estimated that Mother could earn $20 per hour as a hairdresser. Pind's opinion was based on working forty hours a week and having had an established clientele for fifteen years without interruption. That basis was not factually similar to Mother's situation and not premised on the evidence in the case. Pind testified that one of the most important factors in making a profit in hairdressing is developing a client base.

Additionally, Pind did not base her opinion on any labor market analysis or other independent information and further admitted she had no personal knowledge of Mother's actual income.

We note that the court appointed its own expert to determine the gross incomes of the parties in this matter. This expert found that Mother's gross income was $400 per month and Father's gross income of was $3,500 per month. Also, the court imputed income to Mother even beyond that suggested by Father of $2,500 a month. We find that Ms. Pind's testimony was not supported by substantial evidence because it was not based on the factual situation in this case.

We also note that the difference in yearly income imputed by the court of $41,604 and the court's expert's estimation of $4,800 is extremely large. This imputation of income also affects the percentages the parties pay regarding past and future healthcare and costs for their minor children.

■ It is our firm belief that the imputation of $20 per hour for forty hours weekly was against the weight of the evidence given Mother's lack of clientele and need for flexibility. While the court has broad discretion in imputing income, here the trial court exceeded Mother's expected ability to earn. In this case, the record demonstrates that in Mother's hairdressing business her income depends on having an established clientele and not necessarily working additional hours. Courts should not impute unwarranted income where the record does not establish an attempt to evade responsibility. *See Jensen v. Jensen,* 877 S.W.2d 131, 137 (Mo.App. E.D. 1994).

Therefore, we conclude that the trial court erred given the unique circumstances of this case in imputing to Mother the level of income which she could not possibly meet given her schedule and fledgling hairdressing business.

In view of our holding that the court imputed an improper amount of income to Mother, we remand for the trial court to redetermine the amount of child support and proportionate amounts the parties owe for their children's healthcare and college expenses.

The judgment is reversed and remanded regarding child support, healthcare and college expenses. In all other respects, it is affirmed.

ROBERT G. DOWD, JR., Presiding Judge, and GEORGE W. DRAPER III, Judge, concur.