Darlene H. HERN, Appellant,

v.

Gary W. HERN, Respondent.

No. ED 85383.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 18, 2005.

**654**

David R. Crosby, Hillsboro, MO, for appellant.

Brian D. Klar, St. Louis, MO, for respondent.

GEORGE W. DRAPER III, Judge.

Darlene Hern (hereinafter, "Mother") appeals from the trial court's judgment modifying her child support obligation and awarding attorneys' fees to Gary Hern (hereinafter, "Father"). Mother raises three points on appeal. First, Mother claims the trial court erred when it increased her child support obligation based upon imputed income. Second, Mother argues the trial court erred in calculating its Form 14 as it related to the overnight custody adjustment and medical expenses. Finally, Mother argues the trial court erred in awarding attorneys' fees in light of its decision to impute income to her. We affirm as modified.

Mother and Father's marriage was dissolved in August 1996, with Mother receiving custody of their minor child (hereinafter, "Child"). The dissolution decree was modified in November 2001, at which time the trial court awarded Father physical custody of Child and ordered Mother to pay child support in the amount of $300 per month.

Mother filed a motion to modify in May 2003, seeking modification of the physical custody of Child. Father filed a cross petition for modification asking for an increase in child support in light of a substantial increase in Mother's income. During the pendency of the litigation, Mother was terminated from her employment for misconduct.

On the morning of trial, Mother voluntarily withdrew her motion seeking physical custody of Child. Father, Mother, and Mother's husband testified at the hearing. The trial court found a substantial change in circumstances to warrant modifying the child support amount and increased Mother's support obligation to $854.50 per month, after imputing income to Mother in the amount of $7,933 per month. The trial

court ordered Mother to pay arrearages in the amount of $6,954 and to pay Father's attorneys' fees. Mother appeals.

■ When reviewing a child support modification order, we must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously applies or declares the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Lokeman v. Flattery*, 146 S.W.3d 422, 426 (Mo.App. W.D.2004). We defer to the trial court's credibility determinations and view the evidence in the light most favorable to the judgment. *Searcy v. Searcy*, 85 S.W.3d 95, 99 (Mo.App. W.D.2002).

■ In her first point, Mother argues the trial court erred when it increased her child support obligation from $300 per month to $854.50 per month because there was insufficient evidence to support the trial court's decision to impute income to her in the amount of $7,933 per month. Mother claims Father has not carried his burden of showing there were employment opportunities available in the community for which Mother was qualified and could earn the amount imputed to her.

■ In calculating child support, trial courts have discretion to impute income to an underemployed or unemployed parent. *Burton v. Donahue*, 69 S.W.3d 76, 79 (Mo. App. E.D.2001). A parent may not escape responsibility to his or her family by deliberately limiting his or her work to reduce income. *Smith v. Smith*, 969 S.W.2d 856, 857 (Mo.App. E.D.1998). In order to avoid such a situation, a court may, in proper circumstances, impute income to a parent according to what that parent could earn by use of his or her best efforts to gain employment suitable to that parent's capabilities. *Id.* What constitutes the appropriate circumstances to impute income will depend on the facts and must be deter-

mined on a case-by-case basis. *Id.* Further, a trial court's assessment of an amount of income to impute to a party must be supported by evidence at trial and not based upon mere speculation. *D.M.K. v. Mueller*, 152 S.W.3d 922, 927 (Mo.App. S.D.2005).

■ Mother was terminated from her employment in late January 2004, for using a corporate credit card for personal use. While imputation of income is appropriate when a parent leaves his or her employment voluntarily, it has also been permitted when the parent was terminated involuntarily. *See Silverstein v. Silverstein*, 943 S.W.2d 300, 302 (Mo.App. E.D. 1997). In the latter circumstance, imputation may be appropriate where the parent has failed to use his or her best efforts to secure new employment, refused offers of employment, or failed to make a showing that the unemployment was something other than temporary. *Walker v. Walker*, 936 S.W.2d 244, 248 (Mo.App. S.D.1996). The central question is whether the parent made a "good faith attempt to obtain new employment." *Young v. Beckman*, 147 S.W.3d 899, 904 (Mo.App. W.D.2004).

In *Walker*, the court refused to impute income to a father when there was no evidence presented "that he was guilty of actions which could be interpreted as unreasonably creating the circumstances leading to his termination." *Walker*, 936 S.W.2d at 248. In contrast, it is clear Mother engaged in corporate misconduct which unreasonably created the circumstances leading to her termination. There is no suggestion in the evidence, however, that Mother's actions were intended as a deliberate attempt to reduce her income in an effort to evade her child support responsibilities.

The evidence does not demonstrate, however, that Mother made a "good faith attempt to obtain new employment" until

two weeks prior to the hearing, after being unemployed for approximately four months. *Compare Young,* 147 S.W.3d at 904 (holding the trial court properly refused to impute income to father who was terminated from his job for misconduct when father found new job within two weeks of his termination and subsequently changed jobs twice for higher salaries). Moreover, although Mother indicated she was told she was considered "overqualified" as a reason for not obtaining employment, her own testimony supported the proposition that employment opportunities were available because she had applied to several places in the two weeks prior to the hearing. The trial court did not abuse its discretion in imputing income to Mother. Point denied.

In her second point, Mother claims the trial court erred in its calculation of child support because it miscalculated the overnight custody adjustment and did not take into account the medical expenses incurred by Mother. Father agrees that the trial court miscalculated the overnight custody adjustment and certain medical expenses. We agree.

There was uncontroverted evidence that Mother incurred $42 per month for medical insurance, $14 per month for dental insurance, and $7 for vision insurance for Child. Moreover, our review of the Form 14 reveals a mathematical error with respect to calculating the overnight visitation adjustment.

■ Rule 84.14 permits this Court to "give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case." On review of the miscalculation, we need not remand, but may render the judgment that should have been rendered by the trial court. *Manula v. Terrill,* 136 S.W.3d 528, 530 (Mo.App. E.D.2004).

Since the trial court erred in calculating the proper child support amount under Rule 88.01 and Form 14, we modify the judgment and order Mother to pay Father the total sum of $808.25 per month in child support. Additionally, we modify the trial court's award with respect to arrearages owed and order Mother to pay $6,099 based on the revised calculation. Point granted.

■ Finally, Mother claims the trial court erred in ordering her to pay Father's attorneys' fees. Mother suggests that if we find error with respect to the trial court's imputation of income, then we are obligated to take into account that error in determining her ability to pay Father's attorneys' fees.

■ As a general rule, parties to a dissolution action pay their own attorneys' fees. *Graves v. Graves,* 967 S.W.2d 632, 643 (Mo.App. W.D.1998). However, Section 452.335.1 RSMo (2000) gives the trial court discretion to order one of the parties to pay a reasonable amount of the other's attorneys' fees. The two factors that the trial court should consider are "the actions of the parties during the pendency of the action, and the parties' financial situation." *Myers v. Myers,* 47 S.W.3d 403, 410 (Mo. App. S.D.2001)(*quoting Thill v. Thill,* 26 S.W.3d 199, 208 (Mo.App. W.D.2000)). The trial court is afforded considerable discretion in determining whether to award attorneys' fees, and its decision will not be overturned absent a manifest abuse of that discretion. *Cromer ex rel. Cromer v. Tucker,* 987 S.W.2d 470, 471 (Mo.App. E.D.1999).

Mother concedes in her brief that her conduct contributed to the protraction of this litigation, and the record supports this concession. Mother merely asks us to re-examine the award of attorneys' fees in conjunction with our analysis of whether the trial court abused its discretion by

imputing income to her. As discussed previously, we found no error in the trial court's imputation of income, and likewise, we find no abuse of discretion with respect to the award of attorneys' fees to Father. Point denied.

The judgment is affirmed as modified.

GARY M. GAERTNER, SR., P.J. and KENNETH M. ROMINES, J., concur.