**Judy K. PERKINS, Respondent,**

v.

**Stuardean PERKINS, Appellant.**

**No. 23248.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 7, 2000.

Michael Baker, Springfield, for appellant.

No appearance for respondent.

KERRY L. MONTGOMERY, Presiding Judge.

This is an appeal from a decree of dissolution of marriage by Stuardean Perkins (Husband). He mainly complains about the amount of maintenance and child support the trial court awarded Judy K. Perkins (Wife).

The parties were married on January 4, 1975, and separated on August 4, 1997. Two children were born of the marriage. Wife filed a petition for dissolution of marriage on October 9, 1997.

The trial court's decree, entered July 28, 1999, awarded Wife child support in the amount of $426 monthly and maintenance of $250 monthly.

Husband's first point alleges the trial court erred in determining the amount of maintenance and child support because the trial court improperly imputed a monthly income to Husband which the evidence did not support. We agree.

Review of the trial court's decree is governed by Rule 84.13(d), formerly Rule 73.01(c), as interpreted in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Accordingly, we are to affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.*

Here, the evidence reveals that Husband began working for Stever Trucking Company (Stever) in 1990 as a dispatcher-broker. In 1998 he quit working for Stever and two weeks later accepted a similar type job at Boatright Trucking Company (Boatright). Husband testified he felt compelled to leave Stever for a number of reasons. The new owner cut Husband's wages by $3,000 yearly; displayed a lack of trust in Husband's work; required security guards to keep an eye on Husband; and, finally, requested Husband to back-solicit customers from other trucking companies, which is contrary to general trucking industry ethics and certain written agreements with other brokers.

Three other former employees of Stever who had worked with Husband testified they also quit working for that company. These witnesses confirmed that the new owner had created a hostile work environ-

ment for the employees and suggested back-soliciting as described by Husband.

Husband's gross weekly salary at Boatright amounted to $650 weekly. However, the trial court found that Husband had a gross annual income at Stever of $40,688 in 1995, $47,741 in 1996, and $44,860 in 1997. The trial court also found that Husband "voluntarily resigned from [Stever] in 1998 and is currently working for another employer at the present time. However, the Court believes it is appropriate to impute a gross monthly income of $3,963" to Husband.[1] No other findings were made indicating why this amount was appropriately imputed to Husband. The trial court set Husband's maintenance and child support based on this imputed income.

■ "Proof that a parent has previously made more money, however, is not alone a sufficient basis upon which to impute income at those levels." *Walker v. Walker*, 936 S.W.2d 244, 248 (Mo.App. 1996). Generally, income is imputed to a spouse who has deliberately quit work in order to reduce a child support or maintenance obligation. *Jensen v. Jensen*, 877 S.W.2d 131, 136 (Mo.App.1994).

■ Imputation of income is allowed to prevent a spouse from evading his or her support obligations by deliberately limiting or reducing work to reduce income. *Walker*, 936 S.W.2d at 247. "In order to avoid such a situation, a court may, *in proper circumstances,* impute an income to a spouse according to what that spouse could earn by use of his or her best efforts to gain employment suitable to that spouse's capabilities." *Jensen*, 877 S.W.2d at 136.

■ "Proper circumstances" includes a situation where a parent has voluntarily reduced his income without justification. *Devries v. Devries*, 804 S.W.2d 825, 827 (Mo.App.1991). "What constitutes 'appropriate circumstances' will depend on the

facts and must be determined on a case-by-case basis." *Stanton v. Abbey*, 874 S.W.2d 493, 499 (Mo.App.1994).

■ In this case, the facts do not show that Husband left Stever deliberately in order to reduce his support obligation. The facts show that Husband was justified in leaving Stever in order to avoid a hostile work environment just as several other Stever employees did. Two weeks later, Husband had obtained similar employment although he only has an eighth-grade education. The fact that he previously made more money is not alone a sufficient basis to impute the previous income to him. Although Husband left Stever voluntarily, he did so with justification. In short, we find no substantial evidence to support a finding that income should have been imputed to Husband. Point I is well taken.

Husband's last point complains the trial court erred and abused its discretion in ordering him to pay periodic maintenance indefinitely to Wife because Wife testified that she was requesting maintenance for a period of 60 months. In support of this contention, Husband cites only the case of *Francka v. Francka*, 951 S.W.2d 685, 695 (Mo.App.1997). Husband claims that *Francka* stands for the proposition that "[a] termination date on maintenance is proper if requested by the spouse seeking maintenance."

Husband misreads *Francka.* In that case, the trial court awarded Wife maintenance of $250 monthly for a period of three years based upon her request. On appeal, husband contended the trial court erred in awarding wife any maintenance, arguing that the evidence showed she was able to support herself through appropriate employment. This Court denied husband's allegation and found no abuse of discretion in the trial court awarding maintenance to wife. Thus, the issue resolved

---

1. A gross monthly income of $3,963 equates to a gross weekly wage of $914.54 assuming

52 weekly payments.

in *Francka* lends no support for Husband's claim of error.

Because the trial court's decree is presumed valid, Husband has the burden to demonstrate the incorrectness of the decree. *Humphrey v. Sisk*, 890 S.W.2d 18, 20 (Mo.App.1994). By failing to cite any authority showing the maintenance award is invalid, Husband has failed to carry his burden. Point II is denied.

We reverse that portion of the decree as to the amount of maintenance and child support awarded. The cause is remanded for the trial court to enter an award of maintenance and child support based upon Husband's gross salary of $650 weekly. In all other respects, the decree is affirmed.

PREWITT, J., and GARRISON, C.J., concur.