In re the Marriage of Anna Marie **ROSENCRANS**, Petitioner–Respondent,

v.

Rick Lee **ROSENCRANS**, Respondent–Appellant.

No. 24582.

Missouri Court of Appeals, Southern District, Division One.

Oct. 29, 2002.

Eric G. Jensen, Springfield, for respondent-appellant.

Bruce McCurry, Chaney & McCurry, LLP, Springfield, for petitioner-respondent.

KERRY L. MONTGOMERY, Presiding Judge.

Rick Lee Rosencrans (Husband) appeals from the First Amended Final Judgment of the trial court dissolving his marriage to Anna Marie Rosencrans (Wife). The decree also divided the parties' marital and nonmarital property. Husband raises two primary allegations of trial court error. First, he alleges the trial court erred in amending the final judgment because a telephone conference preceding the amendment did not provide notice and opportunity to be heard pursuant to Rules 74.06(c) and 75.01. Next, he alleges that the trial court did not base its ruling on substantial evidence because the property values were stale. We affirm.

Upon review, the trial court's judgment must be affirmed, unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Perkins v. Perkins*, 21 S.W.3d 184, 185 (Mo.App.2000).

The record shows that the trial court entered a final judgment on October 2, 2001. The trial court's final judgment awarded Husband a judgment against Wife in the amount of $48,277. The following day, October 3, 2001, a telephone conference was held with the parties' attorneys. On October 4, 2001, the trial court amended its judgment as a result of this telephone conference. The First Amended Final Judgment awarded Wife a

judgment against Husband in the amount of $20,223. It is from this judgment that Husband appeals.

■ Husband complains that the trial court erred because it amended its final judgment without giving the parties an opportunity to be heard pursuant to Rule 75.01. Husband contends that the telephone conference held on October 3, 2001, was not an opportunity to be heard within the meaning of Rule 75.01. We disagree.

Rule 75.01 permits a trial court to correct a ruling by amending or modifying its judgment. Rule 75.01 states, in pertinent part that "[t]he trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time."

In support of his contention that the telephone conference did not provide him with notice and opportunity to be heard, he cites *In re Marriage of Short*, 847 S.W.2d 158 (Mo.App.1993). Contrary to Husband's contention, *Short* does not support his argument. In *Short*, the trial court amended its judgment twice, thus requiring an examination of Rule 75.01. In applying Rule 75.01, the *Short* court noted that "[t]he record is bare of any indication that the trial court gave the parties an opportunity to be heard ...." *Id.* at 163. Here, unlike in *Short*, Husband acknowledges in his brief that the trial court had a telephone conference with the parties but argues that the conference did not provide a "substantive" opportunity to be heard. Husband provides no authority for the proposition that the opportunity mentioned in Rule 75.01 must be a "substantive" opportunity. Further, the record does not show that his counsel objected to the conference call as failing to provide a substantive opportunity to be heard. Husband has the burden to demonstrate error. *Delf v. Cartwright*, 651 S.W.2d 622, 624 (Mo.App.1983). He has failed to do so on this issue.

Husband also alleges the trial court violated Rule 74.06(c). Rule 74.06(c) is inapplicable because the trial court was not correcting a clerical mistake or giving relief because of excusable neglect, fraud, or an irregular or void judgment. In other words, the trial court acted only under Rule 75.01.

■ Finally, Husband contends that the trial court did not base its judgment on competent and substantial evidence because the property values introduced at trial were fifteen months old when the judgment was entered. Husband is correct that the "[v]aluation of property should be reasonably proximate to the date the division is to be effective." *Morgan v. Ackerman*, 964 S.W.2d 865, 868 (Mo.App. 1998). However, Husband's actions largely caused the delay.

Husband testified that his pension plan from Local Union 245 had no value. This testimony required a further evidentiary hearing to determine the value of Husband's pension plan as required by *In re Marriage of Beeler*, 26 S.W.3d 610 (Mo. App.2000). Husband also failed to sign a medical insurance claim form for Wife even after ordered to do so by the trial court. As a result, Wife was forced to file a motion to hold Husband in contempt. The record shows Husband's counsel failed to inform the trial court of his scheduling conflicts for the contempt hearing even though requested by the trial court. Husband's counsel later filed two motions for continuance based on scheduling conflicts. Finally, we find nothing in the record showing that Husband's counsel sought to introduce evidence of any change in property values after the original hearing date.

The general rule of law is that "a party may not invite error and then complain on appeal that the error invited was in fact made." *Hankins Constr. Co. v. Missouri Ins. Guar. Ass'n*, 724 S.W.2d 583, 590 (Mo.App.1986). The fifteen-month delay about which Husband complains mainly resulted from his own actions. Point denied.

The trial court's judgment is affirmed.

GARRISON, J., and BARNEY, J., concur.