In re the MARRIAGE OF Susan
Elizabeth JOHANSON and
Troy Melvin Johanson.

Susan Elizabeth Johanson, Petitioner–
Respondent,

v.

Troy Melvin Johanson, Respondent–
Appellant.

No. 26717.

Missouri Court of Appeals,
Southern District.
Division One.

Aug. 31, 2005.

Richard D. Bender, Springfield, for appellant.

Gail L. Fredrick, Douglas C. Fredrick, Springfield, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

Troy Melvin Johanson ("Father") and Susan Elizabeth Johanson ("Mother") were married for almost four years; their child was born three years prior to the marriage. Father has two children by his first wife for which he has an $11,000 arrearage on child support, one child by his second wife for which there is no child support obligation, and one child by his third wife for which he has a child support arrearage of $17,041.96. He currently receives social security for a disability. The court adopted Mother's Form 14 calculation based upon a monthly income attributable to Father of $650.00 from social security, $300.00 from "Indian gaming"[1] and

---

1. According to Mother, Father receives an annual $3,000.00 distribution from Indian

$1,000.00 "imputed"; the court ordered Father to pay $345.00 per month in child support for his fifth child.[2]

■ Father contends, in his sole point on appeal, that there was insufficient evidence to support an imputation of income to Father. Specifically, Father states the only evidence for the imputation of any income was the testimony of Mother that "at one point, when we took his deposition, [Father] was working out at the Snow Bluff Complex with some type of program." Father, who appeared *pro se* at trial, did not provide an updated property schedule or financial information. Father argues that the award of social security disability is inconsistent with a finding that Father is capable of earning additional income.

Mother counters that no evidence was offered to prove that Father actually did have a disability, what his disability was, or to what extent he was disabled.[3] Mother cites to evidence that Father worked "intermittently" during the marriage at different places and helped care for the children when he was not working. She cites to evidence that he was previously employed at the Patha Heritage Center and Snow Bluff, had a restaurant and tribal area at Snow Bluff, and worked at Surrey Resorts; however, she did not know his current employment status. Mother also testified that Father was able to drive, cook meals, help get the children ready for school and care for the children when they were sick while she worked and he did not.

The standard of review for a judgment of dissolution is the same for any court-tried case. *Holtgrewe v. Holtgrewe*, 155 S.W.3d 784, 786 (Mo.App. E.D.2005). Therefore, we will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *In re Marriage of Lindeman*, 140 S.W.3d 266, 270 (Mo.App. S.D.2004); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ The trial court is allowed to impute income to prevent a parent from dodging his support commitments by deliberately limiting or reducing work to reduce income. *Perkins v. Perkins*, 21 S.W.3d 184, 186 (Mo.App. S.D.2000). Imputation of income should only occur in the proper circumstances; those being where the parent has tried to evade his obligations. *Id.* For purposes of the Form 14 calculation, a trial court may impute income to a parent who has voluntarily become unemployed or underemployed, thus reducing his income. *Young v. Beckman*, 147 S.W.3d 899, 903 (Mo.App. W.D.2004). The income imputed is based upon what the parent could earn by use of his or her best efforts to gain employment suitable to his or her capabilities. *Burton v. Donahue*, 69 S.W.3d 76, 79 (Mo.App. E.D.2001). The decision whether or not to impute income is decided by the facts on a case by case basis. *Id.*

■ Even though the trial court may impute a higher income to a party, an award of child support must be supported by evidence at trial of the parent's ability

gaming revenues.

2. The court did not give any adjustment on Line 2 of the Form 14 for any other court or administratively ordered child support being paid; however, Father has not appealed that omission.

3. Mother cites to evidence indicating that Father was inappropriate as a caretaker for the minor child, but that issue is not before us as Mother did not appeal the parenting plan. In fact, Mother proposed a parenting plan allowing substantial unsupervised visitation.

to pay. *Walker v. Walker*, 936 S.W.2d 244, 248 (Mo.App. S.D.1996). The trial court is not allowed to speculate when setting the amount of income. *Monnig v. Monnig*, 53 S.W.3d 241, 247 (Mo.App. W.D.2001).

Mother argues that Father is underemployed and the imputation of income was proper because of the "intermittent" employment history and Father possessing "a requisite amount of intellect so as to represent himself *pro se* in a court of law," which indicates that he possesses "organizational, managerial, and financial skills that would enable him to work in an office environment, possibly in a managerial capacity." She points to Father's care of the child to assert that he is qualified to work in the food preparation, delivery, or childcare industry.[4] Mother concludes that though "Father claimed he could earn nothing," the record supports the fact that he possessed the capacity to earn something.

Earning "something" does not equate to an imputation of $1,000.00 per month, each and every month. Intermittent working throughout the marriage does not support the imputation of income. Being mindful that the court takes parties where it finds them, the facts are that the court dissolved a marriage where Mother worked and Father, who was on social security disability, did not during most of the marriage. There is no evidentiary basis for the imputation to Father of income in the amount of $1,000.00 per month, nor that he has the ability to pay child support based on this imputation. The judgment is reversed and remanded for a determination of the correct amount of child support. We reverse the portion of the decree awarding child support and remand the case to the trial court for further proceedings consistent with this opinion. In all other respects, the decree is affirmed.

PREWITT, P.J., and PARRISH, J., concur.

---

4. Mother does note that the probable cause determination by the Division of Family Services that Father had sexually abused his stepdaughter may be a hindrance in the childcare industry.