In re the Marriage of: Glen L. FOSTER, Petitioner–Appellant,

v.

Coleta J. FOSTER, Respondent–Respondent.

No. SD 30407.

Missouri Court of Appeals, Southern District, Division One.

July 15, 2011.

Cordelia F. Herrin, Cassville, MO, for Appellant.

Richard D. Bender, Springfield, MO, for Respondent.

5. Wife elected not to file any brief in this appeal.

DON E. BURRELL, Judge.

Glen L. Foster ("Husband") is attempting to appeal the judgment that dissolved his marriage to Coleta J. Foster ("Wife"). Although neither party has directly raised the issue, "the finality of a judgment is a jurisdictional prerequisite and it is the duty of this court sua sponte to determine its jurisdiction." *Crawford v. Crawford*, 31 S.W.3d 451, 453 (Mo.App. W.D.2000). Because the trial court's judgment failed to characterize and divide significant property and debt about which the parties testified, the judgment is not final, and we dismiss Husband's appeal for that reason. *See Michel v. Michel*, 94 S.W.3d 485, 488 (Mo.App. S.D.2003) ("When a trial court's judgment is not final, an appellate court lacks jurisdiction, and the appeal must be dismissed").

Husband and Wife received a check for $88,500 from an insurance company when the home they had resided in was destroyed by fire during their separation. Husband and Wife were the joint owners of the insurance policy at issue. The home and the farm on which it sat were owned by Husband before the marriage. Each party participated in making improvements to the home and farm during the marriage, and Husband made mortgage payments on the farm during the marriage.

Husband's first point on appeal claims the trial court improperly classified the entire amount of the insurance proceeds as marital property. In the alternative, Husband's second point asserts that if the insurance proceeds were properly characterized as marital property, then the trial court erred by not also dividing the debt Husband incurred when he purchased a double-wide mobile home and had it installed on the farm after the house was destroyed. Husband's third point claims the trial court made a mathematical error when it did not give Husband full credit for $5,000 he had given Wife after the parties separated.

Husband testified that he purchased the mobile home for approximately $85,000 and had it installed "on a permanent concrete block foundation." Husband "consider[ed]" it a part of the real estate. Husband estimated that he owed approximately $64,540 on the mobile home at the time of the November 2009 trial and had been making monthly payments of $517 on the debt. Husband asked the trial court to classify the mobile home debt as marital and divide it in its judgment. Although the judgment ultimately entered by the trial court [1] purported to "dispose[ ] of all marital and nonmarital property and debts," it made no mention of the existence and value of the mobile home or of the debt associated with it.

Wife argues that the value of the mobile home is implicitly included "in the trial court's analysis" and that any error would have worked in Husband's favor. She concludes her argument by stating that "[i]f this court determines that the trial court made a mathematics error and that the judgment should be modified, the [c]ourt should also consider the $20,550.00 net value of [Husband's] mobile home."

Section 452.330 [2] provides that a trial court "shall set apart to each spouse such spouse's nonmarital property and shall divide the marital property and marital debts in such proportions as the court deems just after considering all relevant

---

1. The parties are familiar with the somewhat-tortured procedural history of this case; it will not be recited here as it has no effect on our disposition of the appeal.

2. All statutory references are to RSMo 2000.

factors[, including those listed in the statute]." Section 452.330.1. Here, as in *Lawry v. Lawry*, 854 S.W.2d 842, 844 (Mo. App. S.D.1993), "[t]he trial court has not distributed all the property identified as marital property nor determined if it is nonmarital property or nonexistent. Therefore, the decree is not final with respect to the distribution of marital property as required by § 452.330."

In a case where it is clear that the trial court must have allocated an unidentified asset as either marital or separate (in whole or in part) and has accounted for it accordingly, an appellate court may still have jurisdiction. *See McCall v. McCall*, 574 S.W.2d 496, 500 (Mo.App.K.C.D.1978) (no need to divide real estate where the evidence was clear that no resources other than separate marital property awarded to the wife was used to purchase real estate held by the wife). No such clarity exists here.

For at least two reasons, we cannot presume that the judgment's division of real property included the mobile home as marital property simply because it was not listed as nonmarital property. First, the marital debt allocation does not reflect the $64,540 Husband testified he owed on the mobile home. Second, while Husband testified that the mobile home was attached to a permanent concrete block foundation, the determination of whether that attachment was sufficient to make the mobile home a part of the real property must be made by the trial court.

Missouri appellate courts have affirmed judgments holding mobile homes became part of the real estate on which

they were situated: *Cattoor v. Wells*, 641 S.W.2d 492 (Mo.App. E.D.1982); *City of Festus v. Festus Flying Service, Inc.*, 750 S.W.2d 532 (Mo.App. E.D. 1988). Missouri appellate courts have also affirmed judgments holding mobile homes did not become part of the real estate on which they were situated: *In re the Estate of Horton*, 606 S.W.2d 792 (Mo.App. S.D.1980); *In the Estate of Parker*, 25 S.W.3d 611 (Mo.App. W.D. 2000).

*In re Heirigs*, 34 S.W.3d 835, 839 (Mo.App. S.D.2000).[3] The judgment here is devoid of any such determination.

Because the trial court failed to classify and divide significant assets and debts about which the parties testified, its judgment is not final for purposes of appeal and we lack the appellate jurisdiction necessary to address Husband's complaints. Husband's appeal is dismissed. "Because either party will then have the right to appeal the trial court's new judgment, the trial court may wish to consider additional evidence[,]" *Michel*, 94 S.W.3d at 489, such as evidence concerning the source of the funds used to purchase the mobile home. *See, e.g., In re Looney*, 286 S.W.3d 832, 839 (Mo.App. S.D.2009); *In re Altergott*, 259 S.W.3d 608, 619 (Mo.App. S.D.2008).

BARNEY, P.J. and LYNCH, J., concur.

---

**3.** For instance, in *Parker*, 25 S.W.3d at 616, the Western District held that section 700.111 abrogated the common law elements for converting a mobile home to a fixture of real estate and found that the terms of the statute, requiring not only a permanent attachment to a foundation and the removal or modification of the transportation apparatus but also ownership of the land involved, must be satisfied. The record here is devoid of any indication of the status of the mobile home's transportation apparatus.