

# Missouri Court of Appeals
## Southern District

### Division One

In Re the Marriage of:  )
JILL D. GOODLOE and  )
STEVEN R. GOODLOE,  )
                     )
JILL D. GOODLOE,  )
                     )       No. SD33599
       Petitioner-Respondent,  )       Filed: 8-26-15
                     )
v.  )
                     )
STEVEN R. GOODLOE,  )
                     )
       Respondent-Appellant.  )

APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Aaron G. Koeppen, Associate Circuit Judge

**<u>APPEAL DISMISSED</u>**

Steven Goodloe (Husband) filed a notice of appeal from the judgment that dissolved his marriage to Jill Goodloe (Wife). Husband's first point on appeal contends the judgment is not final because it failed to divide all of the marital debt. We agree and dismiss Husband's appeal for lack of a final judgment.

Given the basis for our decision, the relevant facts may be succinctly stated. The trial court entered its third amended judgment in September 2014. Subject to certain exceptions not relevant here, paragraph 26 ordered that "the division of marital property

and debts shall be as set forth in Exhibit G-1, which [is] attached hereto and incorporated herein[.]" Paragraph 28 stated, in relevant part, that:

> Each party shall indemnify and hold the other party harmless from any liability on or as a result of any indebtedness which is assigned to him and/or her herein. [E]ach party shall remove the other [party's] name from any and all jointly held credit cards and each party shall become the sole and individual holder of any credit card awarded to them.

Paragraph 29 of the judgment stated that "[a]ny and all debts in the individual name of each party is that party's debts, and any debt incurred by each party since the date of the separation of the parties is that [party's] debt." Paragraph 30 of the judgment stated that "[t]he Court Orders that each party be responsible for any debt incurred since the date of the separation of the parties." Section III of Exhibit G-1 was titled "Liabilities" and included three listed debts. The first of these is described as "Bank Card Center Central Bank" with a balance of $5,000. According to Exhibit G-1, this was a joint debt owed by both parties.

The trial court was required to divide the marital debt. *See* § 452.330.1 RSMo (2000); *Rogers v. Rogers*, 253 S.W.3d 134, 137 (Mo. App. 2008). The third amended judgment did not divide the $5,000 debt. The first part of paragraph 29 did not do so because this was a joint debt. The latter part of paragraph 29, as well as paragraph 30, did not do so because Exhibit G-1 contains no information concerning when, or by whom, the $5,000 debt was incurred. Because the debt was not assigned to either party, it is impossible to determine which party should remove the other party's name from that joint account, as required by paragraph 28 of the judgment, and become the sole and individual holder of that credit card account. The trial court's failure to divide this debt means that the judgment is not final and that Husband's appeal must be dismissed. *See Pollard v. Pollard*, 363 S.W.3d 386, 388 (Mo. App. 2012); *Foster v. Foster*, 345 S.W.3d

332, 334 (Mo. App. 2011); *In re Marriage of Nardini*, 306 S.W.3d 165, 171 (Mo. App. 2010).

JEFFREY W. BATES, J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

MARY W. SHEFFIELD, C.J. – CONCUR